**Talal Ibrahim BATIKH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72370.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Gihan Thomas, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Talal Ibrahim Batikh, a native and citizen of Syria and a member of the Maronite

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Christian religion, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We uphold a determination regarding asylum eligibility if it is supported by substantial evidence, and may reverse only if petitioner shows that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *See Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995). We deny the petition for review.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003).

The IJ properly concluded that Batikh did not suffer religious persecution because there is no evidence establishing that the incidents occurred on account of Batikh's religious beliefs. *See Singh v. INS,* 134 F.3d 962, 970 (9th Cir.1998) (stating a petitioner must demonstrate a connection between the acts of harassment and his membership in a protected group). In fact, Batikh only speculates as to who his persecutor was and why he was hurt. In addition, Batikh failed to prove that the source of the harassment was a group the government was unwilling or unable to control. *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000). The record supports the finding of the IJ that no facts sustain Batikh's argument that he was persecuted on the basis of his religion.

Because Batikh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for with-

holding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

As Batikh relies on the same testimony, and points to no additional evidence the BIA should have considered regarding the likelihood of torture if returned to Syria, his CAT claim also must fail. *See Ali v. Ashcroft,* 394 F.3d 780, 791 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**